23-1464-481

CAUSE NO. _____

| | | |
|---|---|---|
| **ROBERT COLLINS AND CHASTITY PARNELL-CLAIBORNE,** | § § § § | **IN THE DISTRICT COURT OF** |
| Plaintiffs, | § § | |
| VS. | § § | **DENTON COUNTY, TEXAS** |
| **JOHN DOE AND SWIFT TRANSPORTATION CO OF ARIZONA;** | § § § § | |
| Defendants. | § | _____ **JUDICIAL DISTRICT** |

# PLAINTIFFS' ORIGINAL PETITION

Plaintiffs Robert Collins and Chastity Parnell-Claiborne ("Plaintiffs") file this Original Petition complaining of Defendants John Doe and Swift Transportation Co of Arizona ("Defendants").

## I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

## II. JURY TRIAL

Plaintiffs demand a trial by jury and includes the appropriate jury fees.

## III. RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief of over $1,000,000. The amount of monetary

relief actually awarded, however, will ultimately be determined by a jury. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## IV. PARTIES

Plaintiff Robert Collins is an individual resident of Seagoville, Dallas County, Texas. His social security number is \*\*\*-\*\*-\*478.

Plaintiff Chastity Parnell-Claiborne is an individual resident of Grand Prairie, Dallas County, Texas. Her social security number is \*\*\*-\*\*-\*394.

Defendant John Doe is currently unknown and cannot be served at this time. Plaintiff believes Defendant John Doe was under the course and scope of employment of Defendant Swift Transportation Co of Arizona when the incident occurred. Plaintiff intends to identify John Doe through written discovery or further investigation.

Defendant Swift Transportation Co of Arizona in its assumed or common name, existing at 6500 Industrial Highway, Gary, IN 46406, may be served at principal place of business.

## V. JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since the incident complained of herein occurred in Denton County, Texas. Venue therefore is proper in Denton County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

## VI. FACTS

This lawsuit arises out of a motor vehicle incident that occurred on or about May 29, 2021 at or near the intersection of North IH 35 and Milam Road within the city limits

**PLAINTIFFS' ORIGINAL PETITION**
Page 2

Copy from re:SearchTX

of Denton, Denton County, Texas. Plaintiff Robert Collins was operating his vehicle exiting a Love's gas station. Plaintiff Chastity Parnell-Claiborne was a passenger in Plaintiff Collins's vehicle. Defendant John Doe was operating an 18-wheeler, owned by Defendant Swift Transportation Co of Arizona, and was also exiting the Love's gas station. Defendant John Doe pulled up on the left side of Plaintiffs and turned improperly from the wrong lane, striking the front driver's side of Plaintiff's vehicle. As a result of the collision, Plaintiffs were injured and continue to suffer injuries and damages from this incident. Defendant received a citation for ACCIDENT INVOLVING DAMAGE TO VEHICLE.

## VII. DEFENDANTS' ROLES IN THE TRANSPORTATION BUSINESS

At all times material hereto, Defendant Swift Transportation Co of Arizona was a for hire motor carrier operating under the authority of the United States Department of Transportation ("USDOT").

In applying for and maintaining operating authority as a motor carrier, Defendant Swift Transportation Co of Arizona certified to the USDOT that it would:

a. Have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;
b. Have in place a driver safety training/orientation program;
c. Be familiar with DOT regulations governing driver qualifications and have in place a system for overseeing driver qualification requirements (49 CFR 391);
d. Have in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance; and
e. Comply with all pertinent Federal, State, local and tribal statutory and regulatory requirements when operating within the United States.

PLAINTIFFS' ORIGINAL PETITION
Page 3

Copy from re:SearchTX

At the time of the crash, Defendant Swift Transportation Co of Arizona was the registered owner of the 2020 International LT625 Tractor with VIN# 3HSDZAPRXLN851064 and Trailer bearing VIN# 1JJV532D4DL741286 (jointly "Truck") involved in this crash.

At all relevant times, Defendants' vehicle was a commercial motor vehicle as that term is defined in Section 502.001 of the Texas Transportation Code, and it was being operated under the control and USDOT authority of Defendant Swift Transportation Co of Arizona.

At all relevant times, Defendant John Doe was a Class A licensed commercial vehicle operator driving his vehicle in the course and scope of his agency with Defendant Swift Transportation Co of Arizona.

## VIII. CAUSES OF ACTION

### A.  NEGLIGENCE – DEFENDANT JOHN DOE

At the time of the motor vehicle collision, Defendant John Doe was operating his 18-wheeler vehicle negligently. Specifically, Defendant had a duty to exercise ordinary care and operate his vehicle in a reasonably safe manner and to know of and abide by all laws and industry standards governing the safe operation and maintenance of commercial motor vehicles.

Defendant breached those duties and was therefore negligent, in one or more of, but not limited to, the following ways:

1. Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;
2. Defendant turned improperly from the wrong lane;
3. Defendant failed to control his vehicle;

4. Defendant failed to pay attention to the roadway condition and circumstances;
5. Defendant failed to drive in a single lane;
6. Defendant failed to keep an assured safe distance from Plaintiff's vehicle;
7. Defendant failed to timely apply the brakes of his vehicle in order to avoid the collision in question;
8. Driver inattention;
9. Defendant was distracted in his vehicle;
10. Defendant failed to safely operate his vehicle;
11. Defendant was driving while fatigued;
12. Defendant exceeded his hours of service limitations in violation of 49 CFR 395.1(g);
13. Defendant failed to properly inspect his vehicle in violation of 49 CFR §396.11;
14. Defendant failed to maintain his vehicle in proper repair in violation of 49 CFR §396.1; and
15. Defendant failed to safely operate his vehicle.

Defendant John Doe's negligent conduct also violated laws intended to protect and prevent crashes with drivers like the Plaintiffs.

Defendant John Doe's negligence directly and proximately caused Plaintiffs' damages.

**B.    NEGLIGENT ENTRUSTMENT – DEFENDANT SWIFT TRANSPORTATION CO OF ARIZONA**

As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant Swift Transportation Co of Arizona was the owner of the vehicle driven by Defendant John Doe. Defendant Swift Transportation Co of Arizona had a duty to avoid the foreseeable harm posed by entrusting their vehicle to a dangerous and unqualified driver like Defendant John Doe.

Defendant Swift Transportation Co of Arizona breached that duty and was therefore negligent, when it entrusted their vehicle to Defendant John Doe despite his record of unsafe and negligent driving and unfitness to operate a commercial motor

PLAINTIFFS' ORIGINAL PETITION
Page 5

Copy from re:SearchTX

vehicle, which were or should have been known to Defendant Swift Transportation Co of Arizona.

Defendant Swift Transportation Co of Arizona's negligence directly and proximately caused the Plaintiffs' damages.

C. **RESPONDEAT SUPERIOR – DEFENDANT SWIFT TRANSPORTATION CO OF ARIZONA**

Additionally, Plaintiffs would show that at the time and on the occasion complained of, Defendant John Doe was in the course and scope of his employment with Defendant Swift Transportation Co of Arizona, thereby making Defendant Swift Transportation Co of Arizona liable under the doctrine of *Respondeat Superior*.

D. **NEGLIGENCE – DEFENDANT SWIFT TRANSPORTATION CO OF ARIZONA**

Defendant Swift Transportation Co of Arizona had a duty to ensure that its drivers and vehicles were reasonably safe and complied with all laws and industry standards concerning the safe operation and maintenance of commercial motor vehicles.

Defendant Swift Transportation Co of Arizona breached the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

a. Failing to verify and ensure that Defendant John Doe operated his vehicle in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles, in violation of 49 C.F.R. §392.1;
b. Failing to properly train and instruct Defendant John Doe and its drivers on defensive driving, safe driving, proper following distance and proper lookout in violation of 49 C.F.R. §383.111;
c. Failing to properly supervise Defendant John Doe and identify dangerous routes and driving behavior that could have been corrected to avoid this crash;
d. Failing to properly inspect and maintain the vehicle in violation of 49 CFR §396.11 and 49 CFR §396.1; and/or

    e.    Knowingly failing to promote and enforce systems and procedures for the safe operation of motor vehicles and, thus, creating a zone and culture of risk that constituted a dangerous mode of operation reasonably anticipated to cause injury and/or death to the traveling public, including the Plaintiff.

Defendant Swift Transportation Co of Arizona's negligent conduct also violated laws intended to protect and prevent crashes with drivers like the Plaintiff.

Defendant Swift Transportation Co of Arizona's negligence directly and proximately caused Plaintiffs' damages.

**E.    VICARIOUS LIABILITY – DEFENDANT SWIFT TRANSPORTATION CO OF ARIZONA**

At all relevant times, Defendant John Doe was Defendant Swift Transportation Co of Arizona's statutory employee of, acting within the course and scope of his agency or employment with, and under the direct control and for the benefit of Defendant Swift Transportation Co of Arizona.

Therefore, Defendant Swift Transportation Co of Arizona is vicariously liable for the negligent acts of Defendant John Doe.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently Plaintiff's injuries and damages.

## IX. <u>DAMAGES</u>

As a proximate result of Defendants' negligence, Plaintiffs suffered extensive personal injuries. Consequently, Plaintiffs seek recovery of the following damages:

    a.    Medical expenses: Plaintiffs incurred bodily injuries which were caused by the collision and Plaintiffs incurred medical expenses for treatment of such injuries. Plaintiffs believe that, in reasonable medical probability such injuries will require the need for future medical care;

- b. Loss of earning capacity: Plaintiffs lost wages as a result of the personal injuries sustained in the collision. Plaintiffs reasonably believes that such injuries will diminish Plaintiffs' earning capacity in the future;
- c. Property damage and loss of use of Plaintiff's vehicle;
- d. Physical pain: Plaintiffs endured physical pain as a result of the personal injuries sustained in the collision and reasonably anticipates such pain will continue in the future;
- e. Mental anguish: Plaintiffs endured mental anguish as a result of the personal injuries sustained in the collision and reasonably anticipates such mental anguish will continue in the future;
- f. Disfigurement: Plaintiffs endured disfigurement as a result of the personal injuries sustained in the collision and reasonably anticipates such will continue in the future; and
- g. Physical impairment: Plaintiffs endured physical impairment as a result of the personal injuries sustained in the collision and reasonably anticipates such in the future.

In the alternative, if it be shown that the Plaintiffs suffered from any pre-existing injury, disease and/or condition at the time of the incident made the basis of the lawsuit, then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of the Defendants.

## X. U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiffs intend to use the U.S. Life Tables as prepared by the Department of Health and Human Services. Plaintiffs request that this Honorable Court take judicial notice of those rules, regulations, and statutes of the United States and the State of Texas, pursuant to Texas Rule of Evidence 201 and 1005.

## XI. INTENT TO USE DEFENDANTS' DOCUMENTS

Plaintiffs hereby give notice of intent to utilize items produced in discovery against the party producing same. The authenticity of such items is self-proven per TRCP 193.7.

**PLAINTIFFS' ORIGINAL PETITION**
**Page 8**

Copy from re:SearchTX

## XII.  RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that upon final hearing thereof, Plaintiffs recover judgment against Defendants for:

1. Plaintiffs' past medical expenses, which are reasonable and customary for the medical care received by Plaintiffs;
2. Plaintiffs' future medical expenses;
3. Plaintiffs' lost wages in the past and loss of earning capacity in the future;
4. Plaintiff's property damage and loss of use of Plaintiff's vehicle;
5. Plaintiffs' physical pain and suffering in the past and future in an amount to be determined by the jury;
6. Plaintiffs' mental anguish in the past and future in an amount to be determined by the jury;
7. Plaintiffs' physical impairment in the past and future in an amount to be determined by the jury;
8. Disfigurement;
9. Interest on the judgment at the legal rate from the date of judgment;
10. Pre-judgment interest on Plaintiffs' damages as allowed by law;
11. All costs of court; and
12. Such other and further relief to which Plaintiffs may be justly entitled.

Copy from re:SearchTX

Respectfully submitted,

**THE CAIN LAW FIRM, PC**

BY: */s/ Chad Archibald*
**CHAD ARCHIBALD**
State Bar No. 24105434
E-Mail: Chad@cainfirm.com
**ROLANDO DE LA GARZA**
State Bar No. 24097579
E-Mail: Rolando@cainfirm.com
**W. BRETT CAIN**
State Bar No. 24048379
E-Mail: Brett@cainfirm.com

301 Commerce St., Ste. 2395
Ft. Worth, Texas 76102
Telephone: (682) 738-4691
Facsimile: (817) 573-4848
E-Service: eservice@cainfirm.com

**ATTORNEYS FOR PLAINTIFFS**